## WASHBURN BROS. COMPANY, A CORPORATION OF NEW JERSEY, PROSECUTOR, v. STATE BOARD OF TAX APPEALS AND THE CITY OF JERSEY CITY, A MUNICIPAL CORPORATION, RESPONDENTS.

Argued October 7, 1941—Decided November 13, 1941.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *Edward P. Stout.*

For the respondents, *James A. Hamill* and *Frank P. McCarthy.*

BODINE, J. The facts in this case are few. The case involves prosecutor's personal property taxes for the year 1936. It was assessed as of the value of $75,000. The Hudson County Tax Board arbitrarily reduced this to $25,000 and the State Board of Tax Appeals restored the assessment. The taxpayer brings *certiorari.*

We think the writ must be dismissed. The only testimony in the case is that Mr. Miller, a subassessor, went to Washburn Bros. Company's place of business, examined the personal property and left with the person in charge of the office a personal tax return to be filled out and sent to the assessor. The return was not made out and the assessor made the best assessment possible under the circumstances.

*N. J. S. A.* 54:4-12 requires the assessor to make diligent inquiry as to the true value of personal property in the district. But it is provided by *N. J. S. A.* 54:4-13 as follows: "If an inhabitant of the taxing district refuses to be sworn, or to answer in regard to the particulars of his property when required by the assessor, or renders a false statement, or if he cannot be found by the assessor after diligent effort, the assessor shall estimate his personal property at the highest value he has reason to suppose it may be placed."

The County Board was powerless to reduce the assessment in the absence of satisfactory proof by the taxpayer as to the true value of his taxable property. *Mount* v. *Parker,* 32 *N. J. L.* 341; *Young* v. *Parker,* 34 *Id.* 49. No proof whatever appears to have been taken and none is returned with the writ. Certainly, the action of the County Board was a nullity.

In *Newton Trust Co.* v. *Atwood,* 77 *N. J. L.* 141, relied upon by the prosecutor, the trust company sought to reduce the value of its personalty below the value shown in its statement under the oath of its president. This court said such could not be. In *Trenton, &c., Traction Co.* v. *Mercer County Tax Board,* 91 *Id.* 105, there was proof of value by the taxpayer. The case of *West Orange* v. *Essex County Tax Board,* 18 *N. J. Mis. R.* 383, is also not in point.

Since there was no proof of value by the taxpayer and no return made to the assessor, pursuant to law, the assessment

must be presumed to be correct. *New Jersey Bell Telephone Co.* v. *Newark,* 118 *N. J. L.* 490; *Tennant* v. *Jersey City,* 122 *Id.* 174; *affirmed,* 123 *Id.* 200; *Zoller* v. *State Board, &c.,* 124 *Id.* 376. The State Board of Tax Appeals followed this view.

The writ will be dismissed, with costs.